Filed 10/2/15  P. v. Plancarte CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>DAVID PLANCARTE,<br><br>      Defendant and Appellant. | A142596<br><br>(Napa County<br>Super. Ct. No. CR170786) |

David Plancarte appeals from his sentence following a no contest plea.  His sole challenge on appeal is to one of the conditions of his probation.  We affirm.

BACKGROUND

According to the probation report, in May 2014 police officers saw appellant, a documented Sureno gang member, near a Sureno gang area.  The officers knew appellant had recently escaped from a juvenile camp placement, had an outstanding felony warrant, and was on probation with standard gang terms.  Appellant ran from the officer and continued to run after the officer twice called out, "Police, stop."  When appellant was later found trying to hide in a truck, he struggled with the arresting officer.

Appellant subsequently pled no contest to one count of obstructing a peace officer (Pen. Code, § 148, subd. (a)(1)) for the benefit of a criminal street gang with the intent to promote and assist in criminal conduct by gang members (*id.*, § 186.22, subd. (d)).  The trial court placed appellant on formal probation for four years.

1

DISCUSSION

Appellant objects, as he objected below, to the following probation condition: "Stay at least 100 yards away from any residence or vehicle that you know contains, or person that you know has, any firearm, ammunition, or other dangerous or deadly weapon, except for neighbors who have such weapons, but Defendant may not enter such residences." (Capitalization altered.)[1] Appellant contends the condition is vague and overbroad. We disagree.

"We review conditions of probation for abuse of discretion. [Citations.] Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ." [Citation.]' [Citation.] This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.] As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*People v. Olguin* (2008) 45 Cal.4th 375, 379–380.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness. [Citation.] A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)

Appellant argues the condition is vague because if he "is found in the company of another person who possesses a firearm or ammunition he will be placed in the position

---

[1] Appellant asserts the final written form of this condition differed from that stated orally at the sentencing hearing. In fact, at the conclusion of the hearing, in response to an additional request by defense counsel, the trial court orally stated the condition in the same form as it appears in the minute order and interlineated probation report.

of having violated a condition of probation even though he may not have actually known a firearm or ammunition was present." To the contrary, the condition only requires appellant to stay away from residences or persons that *he knows to have* firearms, ammunition, or deadly or dangerous weapons. Compare *In re Victor L.* (2010) 182 Cal.App.4th 902, in which the trial court imposed a condition that the probationer " 'not remain in any building, vehicle or in the presence of any person where dangerous or deadly weapons or firearms or ammunition exist.' " (*Id.* at p. 912.) The defendant argued the condition was vague because it did not explicitly "limit its proscription to buildings or vehicles that Victor *knows* to contain, or people whom he *knows* to possess, such weapons." (*Id.* at p. 912.) The Court of Appeal agreed, and resolved the vagueness problem by modifying the condition to provide the probationer "shall not remain in any building, vehicle or in the presence of any person where *the Minor knows one or more* dangerous or deadly weapons or firearms or ammunition exist." (*Id.* at pp. 913, 931.) The condition imposed here, like the modified condition in *In re Victor L.,* is not impermissibly vague.

Appellant next contends the condition is overbroad. Appellant points to additional probation conditions—prohibiting him from personally owning or possessing firearms, ammunition, or other dangerous or deadly weapons; being a member of a criminal street gang and participating in criminal street gang activity; and being within 100 yards of any person known to him to be a street gang member—and argues "the essential purpose for which [the challenged condition] was imposed to advance is adequately, if not more than adequately, provided for" in these additional conditions. The probation report documented appellant's criminal record and his admission to being involved with gangs for several years. In light of appellant's criminal history, the trial court could reasonably determine the challenged condition "would insulate him from a source of temptation to continue to pursue a criminal lifestyle" (*People v. Lopez* (1998) 66 Cal.App.4th 615, 626), and that the other probation conditions alone were not sufficient. The condition is not impermissibly overbroad.

DISPOSITION

The judgment is affirmed.

_____
SIMONS, Acting P.J.

We concur.

_____
NEEDHAM, J.

_____
BRUINIERS, J.

4